UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHANNOND ANDERSON,

                Petitioner,

    v.                                            9:07-CV-1341
                                                      (TJM/GHL)
SUPERINTENDENT,

                Respondent.
_____

APPEARANCES:                                  OF COUNSEL:

SHANNOND ANDERSON
01-B-2538
Petitioner, *pro se*
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. ANDREW M. CUOMO             PRISCILLA I. STEWARD, ESQ.
Office of the Attorney General            Assistant Attorney General
State of New York
Counsel for Respondent
120 Broadway
New York, New York 10271

GEORGE H. LOWE, United States Magistrate Judge

### REPORT-RECOMMENDATION & ORDER[1]

      Petitioner Shannond Anderson, *pro se*, is an inmate in the custody of the New York State Department of Correctional Services. Petitioner complains of a judgment of conviction rendered on May 26, 2004, in Onondaga County Court. Dkt. No. 1. The judgment convicted Petitioner, upon his plea of guilty, of murder in the second degree. *Id.* Petitioner was sentenced to serve a prison term of twenty-two years-to-life. *Id.*

---

    [1] This action has been referred to the undersigned by Judge Thomas J. McAvoy, Senior United States District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3(c).

Petitioner's conviction was affirmed by the Appellate Division, Fourth Department, and leave to appeal to the Court of Appeals was denied. *People v. Anderson*, 34 A.D.3d 1318 (N.Y. App. Div. 2006), *leave denied* 8 N.Y.3d 843 (2007).

Petitioner then commenced the present action. Dkt. No. 1. Petitioner raises the following grounds for habeas relief: (1) his guilty plea was not made voluntarily, knowingly, or intelligently, and (2) he was denied effective assistance of appellate counsel. *Id.*

Respondent then moved to stay the action. Dkt. No. 5. Respondent stated that Petitioner had a petition for writ of error *coram nobis* pending in state court in which he claimed that he received ineffective assistance of appellate counsel. *Id.* Respondent therefore argued that this claim was unexhausted. *Id.*

The Court granted the motion. Dkt. No. 6. The Court ordered Petitioner to file periodic status reports. *Id.* at 3. However, Petitioner failed to file any status reports. Petitioner then was warned that if he failed to file a status report, the Court would consider lifting the stay. 09/12/08 Text Order. Petitioner again failed to file any status reports. Therefore, the Court lifted the stay. Dkt. No. 7. Respondent was directed to file a response. *Id.*

Respondent filed an answer and state court records. Dkt. Nos. 8-10. For the reasons which follow, I recommend that the petition be denied.

## I. BACKGROUND

On or about February 2 and 3, 2004, Petitioner intentionally beat, strangled, and stabbed his girlfriend, Nicole Dower, in Lysander, New York. Ex. A at 8-9, Ex. D at 2. Petitioner was charged with murder in the second degree. Ex. D at 2. On May 4, 2004, Petitioner admitted his guilt and waived his right to appeal. *Id.* at 6-9. Petitioner was sentenced to serve a prison term of twenty-two

years-to-life. Ex. B at 11.

## II. DISCUSSION

A.  **Applicable Standard of Review**

When reviewing a habeas petition, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241(c). Relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *DiGuglielmo v. Smith*, 366 F.3d 130, 136-137 (2d Cir. 2004). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief to a state prisoner on a claim that was adjudicated on the merits in state court proceedings unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *Carey v. Musladin*, 127 S. Ct. 649, 653 (2006); *Campbell v. Burgess*, 367 F. Supp. 2d 376, 380 (W.D.N.Y. 2004).

A decision is adjudicated "on the merits" when it finally resolves the claim, with res judicata effect, based on substantive rather than procedural grounds. *Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001). This is so, "even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." *Id.* at 312. To determine whether a state court has adjudicated a claim "on the merits," a federal habeas court must examine three "clues"[2] to classify the state court decision as either (1) fairly appearing to rest primarily on federal law or to be interwoven with federal law; or (2) fairly appearing to rest primarily on state procedural law. *Jimenez v. Walker*, 458 F.3d 130, 145 (2d Cir. 2006). "Absent a clear and express statement of

---

[2] The three "clues" to the basis of a state court's decision are (1) the face of the state court opinion; (2) whether the state court was aware of a procedural bar; and (3) the practice of state courts in similar circumstances. *Jimenez*, 458 F.3d at 145, n. 16.

3

reliance on a state procedural bar," decisions in the first category are deemed to have been made "on the merits" of the federal claim. *Id.* at 145.

A decision on the merits is contrary to clearly established federal law when it is either contrary to Supreme Court precedent on a question of law or opposite to a relevant Supreme Court case with materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). A state court unreasonably applies federal law when the state court correctly identifies the governing legal rule in a particular case but applies the rule to the facts in an "objectively unreasonable" manner. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Although "[s]ome increment of incorrectness beyond error is required" in order to grant a federal habeas application, that increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000) (quotation marks and citation omitted); *see also Hawkins v. Costello*, 460 F.3d 238, 243 (2d Cir. 2006), *cert. denied*, 549 U.S. 1215 (2007). The state court's determination of a factual issue is presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005), *cert. denied*, 546 U.S. 884 (2005); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

**B.     Procedural Bar**

Petitioner argues that his guilty plea was not made voluntarily, knowingly, or intelligently because he did not understand the nature of the charges against him or the consequences of his guilty plea. Dkt. No. 1 at 4. Respondent argues that this claim is barred by an adequate and independent state law ground and, in any event, is meritless. Dkt. No. 9 at 10-16.

On direct appeal, Petitioner claimed that his guilty plea was not made voluntarily,

4

knowingly, or intelligently. Ex. C at 3-5. The Appellate Division rejected the claim, as follows:

> Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law § 125.25 [1]). Defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus his contention that the plea was not knowingly, voluntarily and intelligently entered is not preserved for our review (*see People v Brown*, 305 AD2d 1068 [2003], *lv denied* 100 NY2d 579 [2003]).

*Anderson*, 34 A.D.3d at 1318.

Generally, a federal court may not reach the merits of a petitioner's habeas claim if the state courts' rejection of the petitioner's federal claim rested "on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citation omitted). "This rule applies whether the state law ground is substantive or procedural." *Id.* (citation omitted). The independent and adequate state ground doctrine is jurisdictional, thus, if the state court "explicitly invokes a state procedural bar rule as a separate basis for decision[,]" the federal court is precluded from considering the merits of federal claims in a habeas petition. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Here, the Appellate Division dismissed Petitioner's claim regarding his plea because he failed to preserve that claim by moving to withdraw the plea or vacate the judgment. *Anderson*, 34 A.D.3d at 1318 (citation omitted). New York's contemporaneous objection rule, C.P.L. § 470.05(2), requires that in order to preserve a claim for appeal, a defendant must make his objection known at the time of a trial or proceeding, so as to give the trial court the opportunity to remedy its own errors. The Second Circuit Court of Appeals has "observed and deferred" to New York's contemporaneous objection rules as a bar to federal habeas review. *Garcia v. Lewis*, 188 F.3d 71, 79 (2d Cir. 1999) (citing, *inter alia*, *Bossett v. Walker*, 41 F.3d 825, 829 n.2 (2d Cir. 1994)); *see*

*also Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) (violation of the contemporaneous objection rule is an adequate and independent state ground). It is clear that the Appellate Division based its denial of this claim on an adequate and independent state ground. Therefore, the claim was procedurally defaulted in state court. *See Snitzel v. Murry*, 371 F. Supp. 2d 295, 300-01 (citing *Brea v. New York City Probation Dep't*, No. 03 Civ. 4822, 2004 WL 389011, at *7-8 (S.D.N.Y. Mar. 3, 2004) (petitioner's claim that his guilty plea was involuntary was procedurally defaulted by his failure to raise that specific ground as basis for his motion to withdraw his plea); *Shanks v. Greiner*, No. 01 Civ. 1362, 2001 WL 1568815, at *4 (S.D.N.Y. Dec. 10, 2001) (due process claim was procedurally defaulted; state appellate court declined to review the claim on the merits because petitioner had not sought withdrawal of the plea or vacatur of the judgment or sentence on that ground)).

Accordingly, federal review is barred unless Petitioner demonstrates cause for the default and resulting actual prejudice, or alternatively that failure to review the claim would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 748-50. To establish "cause" sufficient to excuse a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule. *Id.*, at 753, *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999). Examples of external factors include "interference by officials," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial or on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Bossett*, 41 F.3d at 829 (citing *Murray*); *United States v. Helmsley*, 985 F.2d 1202, 1206 (2d Cir. 1992).

Here, Petitioner offers no explanation for his failure to move to withdraw his guilty plea prior to sentencing or move to vacate the judgment of conviction after sentencing. In addition,

6

Petitioner fails to show that the failure to review this claim would result in a "fundamental miscarriage of justice." In sum, Petitioner has not shown cause and prejudice. Accordingly, Petitioner's claim should be dismissed on the basis that the claim is procedurally barred from this Court's review by an independent and adequate state law ground.

**C.     Exhaustion**

Respondent argues that Petitioner failed to exhaust his claim that appellate counsel rendered ineffective assistance of counsel. Dkt. No. 9 at 5-9. Respondent asserts that while Petitioner prepared a petition for writ of error *coram nobis* in which he set forth his claim regarding appellate counsel and sent a copy of the petition to the Onondaga County District Attorney's Office, Petitioner never filed the petition with the Appellate Division. *Id.* at 6.

An application for a writ of habeas corpus may not be granted until the prisoner has exhausted all remedies available in state court unless there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" any constitutional claims to the highest state court in the same factual and legal context in which it appears in the habeas petition. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

"To establish that a federal claim was raised in state court, a petitioner must, in the state courts, (1) have relied on federal case law employing federal constitutional analysis; (2) relied on

7

factually similar state cases employing federal constitutional analysis; (3) asserted the claim 'in terms so particular as to call to mind a specific right protected by the Constitution'; or (4) alleged a set of facts well within ordinary constitutional litigation." *Stone v. Stinson*, 121 F. Supp. 2d 226, 236 (W.D.N.Y. 2000)(citing *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982)).  The requirement that the state court have been given a reasonable opportunity to pass on the federal habeas claim is satisfied if the legal basis of the claim made in state court was the "substantial equivalent" of that of the habeas claim.  *Picard*, 404 U.S. at 278.  However, where no real avenue remains by which the claim could be raised, a claim is deemed exhausted.  *See Bossett*, 41 F.3d at 828.

In New York, a claim of ineffective assistance of appellate counsel can only be exhausted through a petition for writ of error *coram nobis*.  *Sweet v. Bennett*, 353 F.3d 135, 141 n.7 (2d Cir. 2003) ("In New York, *coram nobis* is the appropriate remedy for ineffective assistance of appellate counsel.") (citation omitted); *Cotto v. Herbert*, 331 F.3d 217, 228 (2d Cir. 2003).  There is no time limit for filing a writ of error *coram nobis*.  *Excell v. People*, 01-CV-3073, 2003 WL 23185749, at *13 (E.D.N.Y. Oct. 30, 2003) (citation omitted).

Here, there is no indication that Petitioner actually filed the *coram nobis* petition.  *See* Dkt. No. 9 at 6.  Thus, Petitioner's claim that he was denied the effective assistance of appellate counsel is unexhausted.  Accordingly, the petition before the Court contains both exhausted and unexhausted claims.  When presented with such a "mixed" petition, the Court may either dismiss Petitioner's unexhausted claims, stay consideration of the exhausted claims and allow Petitioner an opportunity to amend the petition after he returns to state courts to satisfy the exhaustion requirement, or the Court may deny the unexhausted claims "on the merits."  *See Rhines v. Weber*,

544 U.S. 269, 277 (2005); *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001), *cert. denied*, *Fischer v. Zarvela*, 534 U.S. 1015 (2001); *Aparicio v. Artuz*, 269 F.3d 78, 91 n.5 (2d Cir. 2001). However, the Supreme Court has cautioned that district courts may stay habeas proceedings only when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court, and should not grant a stay if the unexhausted claims are "plainly meritless." *Rhines*, 544 U.S. at 277.

The Court already stayed this proceeding in order for Petitioner to exhaust his alleged ineffective assistance of appellate counsel claim. However, it appears that Petitioner failed to do so.[3] Moreover, Petitioner has never communicated with the Court regarding any *coram nobis* petition. Thus, the Court declines to stay the proceedings once again.

Instead, the Court will review the merits of Petitioner's claim. Petitioner summarily asserts that appellate counsel was ineffective "for submitting a brief that was contrary to [procedural] and case law." Dkt. No. 1 at 5.

The Sixth Amendment to the United States Constitution provides that: "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. To establish a violation of this right to the effective assistance of counsel, a habeas petitioner must show both: (1) that counsel's representation fell below an objective standard of reasonableness, measured in the light of prevailing professional norms; and (2) resulting

---

[3] Respondent's counsel asserts that she initially requested to stay this case because she was informed by the Onondaga County District Attorney's Office that Petitioner prepared and sent a copy of a *coram nobis* petition to that office. Dkt. No. 9 at 6. "However, the District Attorney's Office mistakenly believed that [P]etitioner's *coram nobis* [petition] had been filed." *Id.* at 6, n.1. Counsel also asserts that after the stay was lifted, she contacted the clerk's office of the Appellate Division, which informed counsel that Petitioner never filed a *coram nobis* petition with that court. *Id.*

prejudice, that is, a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-90 (1984); *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("the legal principles that govern claims of ineffective assistance of counsel" were established in Strickland.).  There is a strong presumption that counsel's conduct fell within the wide range of reasonable assistance and that counsel's actions constituted sound trial strategy under the circumstances. *Cuevas v. Henderson*, 801 F.2d 586, 589-90 (2d Cir. 1986).

The *Strickland* standard for determining the effectiveness of trial counsel also applies to claims of ineffective assistance of appellate counsel. *See e.g. Holmes v. Bartlett*, 810 F. Supp. 550, 560-61 (S.D.N.Y. 1993).  Clearly established federal law holds that appellate counsel does not have a duty to raise every colorable claim on appeal and, in fact, can use his or her professional judgment to determine which claims represent the best opportunities for obtaining a reversal of a conviction. *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983).

Here, Petitioner fails to meet this standard.  First, appellate counsel's representation was reasonable.  There were few claims that appellate counsel could raise considering that Petitioner waived his right to appeal.  Moreover, Petitioner does not suggest what claims appellate counsel failed to raised.  Rather, Petitioner argues that appellate counsel was ineffective for arguing that his guilty plea was not made voluntarily, knowingly, or intelligently, which is the same claim that Petitioner now asserts in his *habeas* petition.  Second, Petitioner is unable to show resulting prejudice.  Thus, Petitioner's claim is meritless.  Accordingly, I recommend that the claim be dismissed.

**WHEREFORE**, based upon the foregoing, it is hereby

**RECOMMENDED**, that the petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED** and **DISMISSED**.  Furthermore, I find that Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied*, 531 U.S. 873.  Therefore, I recommend that no certificate of appealability issue with respect to any of Petitioner's claims; and it is further

**ORDERED**, that the Clerk serve copies of the electronically-available-only opinions cited herein on Petitioner.[4]

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: October 21, 2010
       Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[4] Those decisions include *Brea v. New York City Probation Dep't*, No. 03 Civ. 4822, 2004 WL 389011 (S.D.N.Y. Mar. 3, 2004; *Shanks v. Greiner*, 2001 WL 1568815 (S.D.N.Y. Dec. 10, 2001); and *Excell v. People*, 01-CV-3073, 2003 WL 23185749 (E.D.N.Y. Oct. 30, 2003).